The Honorable Ron Fuller State Representative 2024 Arkansas Valley Drive, Suite 606
Dear Mr. Fuller:
This is in response to your request for an opinion on several questions concerning the procedure for adoption of school district "personnel policies". You have posed three questions which refer to A.C.A. 6-17-201 et seq. (Sup. 1989), which is the codification of Act 687 of 1987. That subchapter requires each school district in the state to have a set of written personnel policies. It also provides at Section 6-17-203(a) as follows:
 (a) Each school district shall have a committee on personnel policies which shall consist of no fewer than five (5) classroom teachers, and no more than three (3) administrators, one of which may be the superintendent.
Section 6-17-202, however, provides that:
 The provisions of this subchapter shall not apply in any district which chooses to officially recognize in policies an organization representing the majority of the teachers of the district for the purpose of negotiating personnel policies, salaries, and educational matters of mutual concern under a written policy agreement.
You note that the Pulaski County Special School District ("PCSSD") recognizes the Pulaski Association of Classroom Teachers ("PACT") as representing all certified teaching personnel, but that "PACT" does not represent administrative personnel or other personnel not listed in the "Recognition" clause of the agreement between PACT and the PCSSD. In addition, you note that the PCSSD has agreed to negotiate only certain items with PACT. Other items, items which are not listed in the "Items for Negotiation" clause of the agreement, have traditionally not been negotiated with PACT.
Your first question relative to these facts if as follows:
 Does Ark. Code Ann. 6-17-202 require the PCSSD to negotiate personnel policies with PACT for school district employees not represented by PACT and with respect to personnel policies not within the "Items for Negotiation" clause of the PCSSD/PACT negotiated agreement?
It is my opinion that A.C.A. 6-17-202 does not cover this question. It merely says that the subchapter is not applicable in instances where the school district has recognized an organization representing a majority of the teachers. With regard to your questions, this means that a school district is not required to have a personnel policies committee in those instances. The statute does not govern the extent of the agreement between the school district and the teacher's organization with regard to such matters as to whom the negotiations are applicable and what matters are to be the subject of negotiation. The provisions of the agreement will govern these issues. It must therefore be concluded that the answer to your first question is "no".
Your second question is as follows:
 If the answer to question (1) is no, does Ark. Code Ann. 6-17-202 relieve the PCSSD from have [sic] a personnel policies committee because it recognizes PACT with respect to some employees and some personnel policy items?
It appears from the plain language of the statute that the answer to this question is "yes". The statute does not speak to the possibility that a recognized organization will negotiate on only certain issues and not others. It merely exempts from the subchapter school districts which recognize an organization for the purpose of negotiating personnel policies, salaries, and educational matters of mutual concern. To the extent the district negotiates with such an organization on some personnel policies, salary matters, and other educational matters of mutual concern, it is my opinion that it falls within the language of the statute. The language exempts any school district which recognizes a teacher's organization for the purpose of negotiating personnel policies, salaries, and "educational matters of mutual concern". If the PCSSD recognizes PACT, and PACT represents a majority of the teachers of the district, and the PCSSD recognizes PACT for the purposes of negotiating personnel policies, salaries, and other "educational matters of mutual concern", than the PCSSD is exempt from the provision which requires a personnel policies committee. The statute does not say that all personnel policies must be negotiated with the organization, or that all employees must be represented by the organization. It just says that if the school district recognizes an organization for the purpose of negotiating personnel policies, it is not subject to the provisions of the subchapter. It appears from your request that the PCSSD falls within the exception listed in 6-17-202, and is therefore not required to have a personnel policies committee.
Your third question is as follows:
 Does Ark. Code Ann. 6-17-202 mean that the PCSSD is not required to have a personnel policies committee with respect to those employees and those items it has agreed to negotiate with PACT, but with respect to other employees and other items, it is required to follow the procedures of Ark. Code Ann. 6-17-201 et seq.?
It is my opinion that the answer to this question is "no". As was concluded in response to Question 2 above, if the PCSSD recognizes an organization representing a majority of the teachers for the purpose of negotiating personnel policies, salaries, and educational matters of mutual concern, it is not required to have a personnel policies committee. It appears from the information provided us that the PCSSD does meet the terms of the statute, and is thus exempt from the requirement of having a personnel policies committee. To the extent the district's agreement with PACT does not cover some issues and some employees, personnel policies covering these employees and issues may be promulgated by the district along. See A.C.A. 6-13-620(12) (Sup. 1989).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.